IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS HEALTH AND WELFARE<br>   FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS PENSION AND ANNUITY<br>   FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS SAVINGS FUND OF<br>   PHILADELPHIA AND VICINITY<br>CARPENTERS JOINT APPRENTICE COMMITTEE<br>CARPENTERS INTERNATIONAL TRAINING FUND<br>   f/k/a National Apprenticeship and<br>   Health and Safety Fund<br>CARPENTERS POLITICAL ACTION COMMITTEE<br>   OF PHILADELPHIA AND VICINITY, and<br>JOHN BALLANTYNE, a fiduciary on behalf of the Funds<br>1803 Spring Garden Street<br>Philadelphia, PA  19130<br><br>and<br><br>THE NORTHEAST REGIONAL COUNCIL OF<br>   CARPENTERS f/k/a Metropolitan Regional Council<br>   of Carpenters of the United Brotherhood of<br>   Carpenters and Joiners of America<br>91 Fieldcrest Avenue<br>Raritan Plaza II, Floor 2<br>Edison, NJ 08837<br><br>and<br><br>INTERIOR FINISH CONTRACTORS<br>   ASSOCIATION OF DELAWARE VALLEY, and its<br>   Industry Advancement Program<br>150 S. Warner Road, Suite 245<br>King of Prussia, PA  19406<br>                        Plaintiffs,<br><br>   v.<br><br>SALVADORA YAMILETH MARROQUIN REYES,<br>   individually and d/b/a Y & F CAMPOS<br>   CONSTRUCTION<br>203 Bryan Avenue<br>Gaithersburg, MD 20877 | CIVIL ACTION<br>NO. |

663775_1.docx
CHWP00.35450.pl

and                                              :
                                                 :
FRANCISCO CAMPOS                                 :
203 Bryan Avenue                                 :
Gaithersburg, MD 20877                           :
                                                 :
    Defendants.               :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendants as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee and the Carpenters International Training Fund f/k/a National Apprenticeship and Health and Safety Fund (respectively "Welfare Fund," "Pension Fund," "Savings Fund," "Apprentice Committee" and "CITF") (collectively "ERISA Funds"), are trust funds established under 29 U.S.C. § 186(c)(5)

and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3).

5.      Plaintiff, Carpenters Political Action Committee ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

6.      Plaintiff, Interior Finish Contractors Association of Delaware Valley ("IFCA"), is a Pennsylvania non-profit corporation. It maintains an Industry Advancement Program ("IFCA IAP") for the purpose of fostering and advancing cooperation and negotiations between labor and management and the interest of the carpentry industry in the jurisdiction of the Union.

7.      Plaintiff, The Northeast Regional Council of Carpenters f/k/a Metropolitan Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("Council" or "Union"), is an unincorporated association(s) commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of Defendant (as defined herein) who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

8.      The ERISA Funds maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania. The amounts sought in this complaint are billed and payable to the Plaintiffs' office in this district.

9.      Plaintiff, John Ballantyne ("Ballantyne"), is a trustee and fiduciary with respect to the Welfare Fund, Savings Fund, Pension Fund and Apprentice Committee within the meaning of 29 U.S.C. § 1002(21), with a business address as listed in the caption of this Complaint. He is

authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund, Savings Fund and Apprentice Committee. Balantyne is Executive Secretary-Treasurer of the Council and is authorized to bring this action on behalf of the PAC and Union to collect all monies due and owing to them, including job recovery dues. The Union and/or Welfare Fund is an authorized collections fiduciary for CITF.

10. Ballantyne and the ERISA Funds are the authorized collection agents for PAC, the Union, CITF and the IFCA IAP.

11. Defendant, Y & F Campos Construction ("Unincorporated Business" or jointly and severally referenced with Salvadora Yamileth Marroquin Reyes as "Company") is an unincorporated general partnership and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. Company does business with the Fund that is sufficient to create personal jurisdiction over Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the ERISA Funds' office(s) in this district.

12. Defendant, Salvadora Yamileth Marroquin Reyes is an individual and is an owner of Unincorporated Business and is personally, jointly and severally liable for its debts and liabilities pursuant to Maryland law.[1] Salvadora Yamileth Marroquin Reyes has a business or residential address listed in the caption.

13. Defendant, Francisco Campos ("Campos" and together with Company, "Defendants") is an individual and is an owner and the operator of Company with a business or residential address as listed in the caption. Campos is personally liable for any amounts owed to

---

[1] *See Pinsky v. Pikesville Recreation Council*, 214 Md. App. 550, 78 A.3d 471 (2013).

Plaintiffs pursuant to Article 19, Section 8(A)(ii) of the Labor Contract executed with the Union.

**COMMON FACTS**

14. At all times relevant to this action, Company was party to, or was otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). The negotiation, administration and/or performance under this contract in this district is a substantial part of the events or omissions giving rise to the claims in this Complaint. A true and correct copy of the Labor Contract signature page and relevant provisions of the Labor Contract is attached hereto as Exhibit 1.

15. Under the Labor Contract, Company agreed:

(a) To make full and timely payments to the ERISA Funds, PAC, the Union and IFCA IAP as required by the Labor Contract;

(b) To file remittance reports detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request, individually or jointly, all books and records deemed necessary to conduct an audit of Company's records concerning its obligations to Plaintiffs;

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amounts due as a consequence of Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c); and

(e) To pay wages, dues and PAC contributions and other amounts withheld from employee pay in accordance with the terms of the Labor Contract.

16. Upon information and belief, Company has failed to submit remittance reports and make contributions as required under the Labor Contract or Trust Agreements for the period

March 2017 through October 2017.

17. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Company. Company has failed in its self-reporting duties.

18. Plaintiffs sent an audit request letter to Company on May 5, 2017, to determine the precise amount owing Plaintiff Funds. A true and correct copy of that Audit Request Letter is attached hereto as Exhibit 2. Counsel for Plaintiffs sent an additional audit request letter to Company on October 16, 2017. A true and correct copy of that Audit Request Letter is attached hereto as Exhibit 3. Company failed to comply with the audit requests, refused to provide Plaintiffs with any relevant business records and has otherwise concealed and obstructed discovery.

19. All conditions precedent to the injunctive relief or other claims in this Complaint have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**DEFENDANTS**

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21. Based upon presently available information, Defendants owe Plaintiffs at least $3,697.77, due under the terms of the Labor Contract. *See* Exhibit 4.

22. The Company has not paid the Plaintiffs as required by the Labor Contract and Trust Agreements.

23. Salvadora Yamileth Marroquin Reyes is jointly and severally liable for Company's debts and liabilities as owner of an unincorporated partnership pursuant to Maryland law.

24. Company has not deposited cash or posted a bond in the amount required by the Labor Contract. Ex. 1, p. 37, Art. 19, Sec. 8(A)(ii). Campos executed the Labor Contract on behalf of Company, and is therefore "personally and individually bound to satisfy any and all of the fringe benefit or delinquency obligations" of the Company under the Labor Contract. Ex. 1, p. 38, Art. 19, Sec. 8(A)(ii).

**WHEREFORE**, Plaintiffs ask that the Court:

(1) enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs for at least $3,697.77, plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements and the Note; and

(2) grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**ERISA FUNDS**
**v.**
**COMPANY**

25. The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26. Based upon presently available information, Company has failed to pay at least

$3,141.48 to the ERISA Funds in violation of 29 U.S.C. § 1145.

27. The ERISA Funds have been damaged by Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) enter judgment against Company, jointly and severally and in favor of the ERISA Funds for at least $3,141.48, plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with interest at the rate prescribed by 26 U.S.C. § 6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment; and

(2) grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

**PLAINTIFFS
v.
COMPANY**

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. Company is obligated to permit Plaintiffs to audit Company's records and to cooperate in determining the contributions due to Plaintiffs.

30. The amount of contributions Company is required to pay to Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

31. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Company.

32. Company is required by the Labor Contract, Trust Agreements and/or applicable law to permit Plaintiffs to audit Company's records and to cooperate in determining the contributions due Plaintiffs.

33. Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself and therefore require an audit.

34. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) enjoin Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2) grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
**v.**
**DEFENDANTS**

35. The allegations of Paragraphs 1 through 34 are incorporated by reference as if fully restated.

36. On information and belief, Company has failed to make contributions to Plaintiffs

as required by the Labor Contract and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

37.     Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Company.

38.     On information and belief, Plaintiffs have been damaged by Company's failure to make contributions as required by its Labor Contract and Trust Agreements.

39.     Salvadora Yamileth Marroquin Reyes is jointly and severally liable for Company's debts and liabilities as owner of an unincorporated partnership pursuant to Maryland law.

40.     Campos has not deposited cash or posted a bond in the amount required by the Labor Contract. Ex. 1, p. 35, Art. 19, Sec. 8(A)(ii). Campos is therefore personally liable under the terms of the Labor Contract for contributions due and owing.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     after an audit, enter judgment against Defendants, jointly and severally and in favor of Plaintiffs, for the amount of contributions found to be due and owing by an audit, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract and Trust Agreements; and

(2)     grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

-- THIS PORTION INTENTIONALLY LEFT BLANK --

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS
### v.
### COMPANY

41. The allegations of Paragraphs 1 through 40 are incorporated by reference as if fully restated.

42. On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 for a period not barred by an applicable statute of limitations or similar bar.

43. The ERISA Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Company.

44. On information and belief, the ERISA Funds have been damaged by Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, the ERISA Funds ask that the Court:

(1) after an audit, enter judgment against Company, jointly and severally and in favor of the ERISA Funds, for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment; and

(2)  grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
DANIEL KEENAN (ID. NO. 323049)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0669
Fax: (215) 922-3524
dkeenan@jslex.com / usdc-edpa-erisa@jslex.com

Attorney for Plaintiffs

Date: November 10, 2017