IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> SALVADORA YAMILETH MARROQUN REYES, *et al.* <br><br> *Defendants.* | CIVIL ACTION <br> NO. 17-05107 |

**PAPPERT, J.**                                                                                              July 16, 2018

**MEMORANDUM**

      The Carpenters Joint Apprentice Committee, Carpenters Political Action Committee of Philadelphia and Vicinity, Northeast Regional Council of Carpenters, Interior Finish Contractors Association of Delaware Valley, John Ballantyne and various Benefit Funds (collectively "Plaintiffs") sued Salvadora Yamileth Marroquin Reyes, doing business as Y & F Campos Construction, and Francisco Campos (collectively "Defendants"). The Plaintiffs allege the Defendants failed to pay contributions pursuant to the parties' Collective Bargaining Agreement ("CBA"), in violation of the Labor Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA"). (Compl. at 6–8, ECF No. 1.) Neither Defendant pled nor otherwise defended the lawsuit, and the Clerk of Court entered default on January 3, 2018. (ECF No. 5.) The Plaintiffs moved for default judgment on February 12, 2018 (ECF No. 6), and seek unpaid contributions, interest, liquidated damages, audit costs, attorneys' fees and costs, and equitable relief. The Court grants the Motion in part and denies it in part for the reasons that follow.

1

I

A consequence of "the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal question marks omitted). The Court need not, however, accept the moving party's legal conclusions. *Id.*; *see also DirecTV, Inv. V. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10 A Wright & Miller, *Federal Practice and Procedure*, § 2688, at 58–59 (3d ed. 1998)).

Plaintiffs allege that Campos and Reyes were owners of an unincorporated business, Y & F Campos Construction ("the Company"). (Compl., ¶¶ 11–13.) Campos signed a CBA with the Plaintiffs on behalf of the Company, listing himself as the owner. (Compl., Ex. 1 ("CBA") at 60, ECF No. 1-4; Mot., Ex. 1 ("Letushko Decl."), ¶ 8, ECF No. 6-4.) The CBA imposes certain obligations on the Company, including: (1) payment of contributions for work performed by the Company's employees; (2) reporting contributions and deductions for all work performed by those employees; and (3) payment of interest, liquidated damages, audit costs and attorneys' fees and costs if the Company is delinquent in making payments required by the CBA. (CBA, Art. 19, §§ 2, 4(A), 5, 6(B).) The CBA also provides that the Plaintiffs may audit the Company's records to ensure compliance with the agreed upon payment obligations. (*Id.*, Art. 19, § 11.)

David Letushko, Plaintiffs' collections manager, audited the Company's records for the time period from February to November 2017 and found that the Company owed the Plaintiffs at least $3,063.46 in unpaid contributions. (Letushko Decl., ¶ 15.) Based

2

on this audit, Letushko also determined that the Company owed $111.22 in accrued interest on the unpaid contributions, $306.35 in liquidated damages, and an audit fee of $250.00.  (*Id.*)  The Plaintiffs sent letters to Campos on May 5 and October 16, 2017, requesting an audit of the Defendants' records to verify the accuracy of contributions and demanding payment of delinquent contributions.  (Compl., Exs. 6, 7.)  Despite repeated demands, the Defendants failed to comply with an audit or pay the amounts due.  (Mot. at 4.)

II

Rule 55(b)(2) authorizes a court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.  *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).  Three factors guide whether default judgment should be granted: (1) prejudice to the plaintiff if default judgment is denied; (2) whether the defendants appear to have a litigable defense; and (3) whether the defendants' delay is due to culpable conduct.  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Application of the *Chamberlain* factors supports entry of default judgment.  First, denying the motion will prejudice the Plaintiffs.  "Considerable delays," especially those that might "stretch on indefinitely," are sufficient to show prejudice to the plaintiff.  *Grove v. Rizzi 1857 S.P.A.*, No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013).  The Defendants failed to answer or otherwise respond, compelling the Plaintiffs to seek a default judgment.  *See, e.g.*, *Moody Nat'l FFI Meadowlands Mt, LLC v. Gager*, No. 12-2124, 2013 WL 622128, at *10 (D.N.J. Jan 24, 2013); *see also*

3

*Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, No. 05-4858, 2006 WL 782051, at *2 (E.D. Pa. Mar. 23, 2006) (noting prejudice arising from delinquent contributions to multiemployer plans). Further, it does not appear that the Defendants have a litigable defense; courts in this district have considered the failure to respond to the Complaint to suggest a lack of a litigable defense. *See, e.g.*, *Serv. Employees Int'l Union Local 32BJ District 36 v. ShamrockClean Inc.*, No. 17-5380, 2018 WL 1124270, at *2 (E.D. Pa. Feb. 26, 2018); *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261 (E.D. Pa. 2011). Finally, the Defendants' failure to "engage [ ] in the litigation process" constitutes "culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009); *see also Bricklayers & Allied Craftworkers Local 1 of PA/DE v. WaterControl Servs., Inc.*, No. 09-3935, 2012 WL 3104437, at *6 (E.D. Pa. July 30, 2012). The Defendants were served with the Complaint and put on notice as to their obligation to file a responsive pleading. (ECF Nos. 3 & 4.) The "equities of the situation and the need for efficacious resolution of controversies" thus weigh in favor of entering default judgment. *Summit Tr. Co. v. Paul Ellis Inv. Assocs., LLC*, No. 12-6672, 2013 WL 3967602, at *4 (E.D. Pa. Aug. 2, 2013) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

III

A

Plaintiffs seek, pursuant to both the LMRA and ERISA, unpaid contributions along with interest, liquidated damages and attorneys' fees and costs for violations of

the CBA. 29 U.S.C. § 185; 29 U.S.C. § 1145. Plaintiffs also seek audit costs and ask the Court to compel the Defendants to submit to an additional audit. (Mot. at 6–7, 14–18.) Section 301 of the LMRA "creates a federal cause of action for breach of a [CBA]." *Bricklayers*, 175 F. Supp. 3d at 493 (citing 29 U.S.C. § 185); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement.") (internal quotations omitted).[1] Although the LMRA confers a federal cause of action, "liability is determined by an analysis of the CBA itself." *Bricklayers*, 175 F. Supp. 3d at 493 (citing *Rosen v. Hotel & Rest. Emp. & Bartenders Union of Phila., Bucks, Montgomery & Delaware Cntys., Pa.*, 637 F.2d 592, 597 (3d Cir. 1981)).

i

Plaintiffs' counsel has submitted a certification for the amount due, which includes $3,063.46 in unpaid contributions at the time the suit commenced. *See* (Ex. 4, ECF No. 1-8; Letushko Decl. ¶¶ 9, 15(a)). Plaintiffs also seek interest on the unpaid contributions at the rate provided by the CBA, which requires that the interest be calculated in accordance with ERISA, incorporating the rate prescribed under 26 U.S.C. § 6621(a). *See* (Art. 19, § 6(B)). Plaintiffs are entitled to four percent interest on the unpaid contributions, compounded monthly, from the date the contributions were due

---

[1] Plaintiffs also brought their claims against the Carpenters Joint Apprenticeship Committee and various Benefit Funds under ERISA, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement" to "make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Bricklayers*, 175 F. Supp. 3d at 494 (explaining that an employer's failure to make contributions under the terms of the CBA is also a statutory violation of ERISA). If judgment is entered in favor of the plan, the Court must award unpaid contributions, interest and liquidated damages, reasonable attorneys' fees and costs of the action, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

5

until the time this suit commenced.  *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 289 (3d Cir. 2007) (interpreting claim for interest on unpaid contributions under ERISA to include interest "on contributions unpaid at the time the suit is filed."); *see also ShamrockClean*, 2018 WL 1124270 at *2 (awarding 4% interest rate as prescribed by 26 U.S.C. § 6621(a)).  The contributions were due March 2017, and the Plaintiffs commenced suit in November of that year.  Accordingly, Plaintiffs are entitled to $93.14 in interest on the unpaid contributions.[2]  Plaintiffs are also entitled to liquidated damages pursuant to the CBA of ten percent of the unpaid contributions, $306.35.  *See* (Mot. at 25; CBA, Art. 19, § 5); *see also Bricklayers*, 175 F. Supp. 3d at 497 (finding liquidated damages of ten percent was not a penalty).

Plaintiffs also seek audit costs pursuant to the CBA.  (Mot. at 17–18; CBA, Art. 19, § 11.)  The CBA provides that if an audit reveals "the Employer failed to make [payments to the Depository] in full, the Employer shall be required to pay for the cost of such…audit at the rate of Two Hundred and Fifty Dollars ($250.00) per day[.]"  (CBA, Art. 19, § 11.)  The Plaintiffs performed an audit of the Defendants' records to determine the amount Y & F Campos Construction failed to pay in contributions.  (Mot. at 18.)  According to the terms of the CBA, Plaintiffs are entitled to $250.00.

ii

Plaintiffs seek $8,095.24 in attorneys' fees and costs incurred in enforcing their claim for unpaid contributions.  *See* (Mot. at 26; CBA, Art. 19, § 6(B)).  The Court multiples the hourly rate by the number of hours to obtain the lodestar which is presumed to be the reasonable fee.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.

---

[2]  Four percent interest on $3,063.46 in unpaid contributions, compounded monthly over the nine months from March through November, results in $93.14 in total interest.  *See* (Mot., Ex. 7a, ECF No. 6-11).

1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also United Auto. Workers Local 259*, 501 F.3d at 290 (using lodestar to evaluate attorneys' fees for default judgment, and rejecting a proportionality rule for mandatory fees under ERISA). The Court "may not award less in fees than requested unless the opposing party makes specific objections to the fee request." *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 212 (3d Cir. 2000); *see also ShamrockClean*, 2018 WL 1124270 at *3 (applying prohibition on *sue sponte* reductions in attorneys' fee requests under ERISA).

Plaintiffs' counsel submitted specific time records detailing the work conducted on this proceeding, along with a declaration in support of the Motion, and Defendants have not challenged the reasonableness of the hours expended. (Ex. 8 ("Keenan Decl."), ECF No. 6-13; Ex. 9, ECF No. 6-14.) The Court accepts Plaintiffs' account of the time expended on these matters, and Plaintiffs are entitled to recover for the hours requested. (Keenan Decl., Ex. 8; Ex. 9.)

The rates were also reasonable. (Keenan Decl. at 3–5; Ex. 9.) A reasonable hourly rate "is calculated according to the prevailing market rates in the community," *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1034 (3d Cir. 1996), and a district court must set attorneys' fees based on the record, *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996). "The starting point of determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *see also Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). Here, the attorneys' and paralegals' rates per hour are as follows: Dawn Costa ($340), Daniel Kennan

($330), Kevin Kennedy and Lauren Phillips ($110). (Keenan Decl. at 2–3.) Dawn Costa and Daniel Kennan are Philadelphia-based attorneys. Costa has sixteen years of experience, while Kennan has two years of experience. (*Id.* at 2–3; Ex. 9.) Kevin Kennedy and Lauren Phillips are paralegals with two years of experience, respectively. (Keenan Decl. at 3.) In a declaration in support of the Motion, Plaintiffs' counsel stated that these fees reflect a reduced hourly rate charged to Carpenters Health and Welfare Fund. *See* (*id.* at 2).

B

Plaintiffs also seek to hold Campos and Reyes personally liable for all damages—Campos because he signed the CBA and Reyes pursuant to Maryland law because the Company is registered with Maryland's Department of Assessments and Taxation. (Mot. at 8–11.) The CBA provides that if an employer fails or refuses to deposit cash or post a bond "at all times during which work covered by [the CBA] is being performed, the person…who executed this Agreement on behalf of that employer agree(s) to be personally and individually bound to satisfy any and all of the fringe benefit or delinquency obligations of that Employer under this Agreement." (CBA, Art. 19, § 8(a)(ii)). The CBA was signed by Campos as owner of the Company. (CBA at 60; Letushko Decl., ¶ 8.) The Company never deposited cash or posted a bond, and according to the terms of the CBA, Campos is personally liable for all damages. (Mot. at 8.)

Plaintiffs claim that Reyes is also an owner of the Company, which Plaintiffs allege is an unincorporated association. Although Reyes did not execute the CBA, under Maryland law, officers of an unincorporated association may be held personally

8

liable for the association's breach of contract where the officer "authorized, assented to, or ratified the contract[.]" *Pinsky v. Pikesville Recreation Council*, 78 A.3d 471, 487 (Md. Ct. Spec. App. 2013). Plaintiffs do not allege that Reyes authorized, assented to or ratified the CBA. They argue instead that Reyes has not disavowed the CBA or shown that Campos was unauthorized to execute the contract on behalf of the Company. (Mot. at 10.) Reyes's failure to disavow the CBA or show that Campos lacked the authority to execute it does not allow the Court to conclude that Reyes did in fact authorize, assent to or ratify the CBA. *Pinksy*, 78 A.3d at 487.[3]

C

Finally, Plaintiffs ask the Court to compel the Defendants to submit to an additional audit. (Mot. at 6–7.) The Supreme Court of the United States has held that "a court-ordered audit was a permissible form of equitable relief when the trust agreements assigned the trustees the power to demand and examine employer records, and the corresponding responsibility to preserve and maintain trust assets." *Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 867 (E.D. Pa. Nov. 18, 2015) (citing *Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559 (1985)). Under the terms of the CBA, Plaintiffs have the right to examine the Defendants' payroll and employment records whenever necessary to fulfill their duties to properly administer

---

[3] Moreover, Reyes cannot be held personally liable under ERISA based solely on her role in the Company. The Third Circuit Court of Appeals has held that "there is no indication that Congress intended to hold corporate officers liable for a corporation's failure to contribute to benefit funds when there is no basis for piercing the corporate veil." *Central. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1109 (3d Cir. 1996) (citing *Solomon v. Klein*, 770 F.2d 352, 353 (3d Cir. 1985)); *see also Carpenter's Health & Welfare Fund of Philadelphia & Vicinity v. DeMica, Inc.*, No. 98-5452, 1991 WL 33115634, at *2 (E.D. Pa. Oct. 4, 1999) ("Unless a CBA otherwise provides, an individual not a party [to the CBA] cannot be held directly liable under [ERISA].").

the funds. (CBA, Art. 19, § 11.) Plaintiffs have sufficiently established the right to conduct an additional audit to determine the amount of outstanding contributions owed to them. *See Abbonizio Contractors*, 134 F. Supp. at 867 (granting plaintiff's request that defendant submit to an audit); *see also Bd. of Trustees of the Laborers Dist. Council Constr. Indus. Pension Fund v. Phillips Enter., Inc.*, No. 15-06490, 2016 WL 2939509, at *4 (E.D. Pa. May 20, 2016) (same).

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.